**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Kendrick Tremain Blackwell, Appellant.

Appellate Case No. 2022-000230

———————————

Appeal From Newberry County
Donald B. Hocker, Circuit Court Judge

———————————

Unpublished Opinion No. 2025-UP-089
Submitted February 1, 2025 – Filed March 19, 2025

———————————

**AFFIRMED**

———————————

Chief Appellate Defender Robert Michael Dudek, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Attorney General Mark Reynolds Farthing,
both of Columbia; and Solicitor David Matthew Stumbo,
of Greenwood, all for Respondent.

———————————

**PER CURIAM:** Kendrick Tremain Blackwell appeals his conviction for trafficking twenty-eight grams or more of methamphetamine, second offense, and sentence of twelve years' imprisonment. On appeal, Blackwell argues the trial

court erred by (1) denying his motion to quash an all-white jury panel and (2) refusing to give a jury charge on the spoliation of evidence. We affirm pursuant to Rule 220(b), SCACR.

1.  We hold the trial court did not err in denying the motion to quash the jury panel because Blackwell did not establish a violation of the fair-cross-section requirement.  *See State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("In criminal cases, the appellate court sits to review errors of law only.  [An appellate court] is bound by the trial court's factual findings unless they are clearly erroneous." (citation omitted)).  The Newberry County Clerk of Court testified to the jury summons process, explaining that the names were electronically drawn at random from identification lists collected from the Department of Motor Vehicles, which resulted in a percentage of black individuals similar to the county's population.  She testified that of 150 individuals who were sent jury summonses, forty were black, 105 were white, and five were Hispanic.  This percentage is not sufficiently disparate from the overall racial makeup of Newberry County to suggest a systematic exclusion of black individuals from the jury selection process.[1]  *See Duren v. Missouri*, 439 U.S. 357, 364 (1979) ("In order to establish a prima facie violation of the fair-cross-section requirement, the defendant must show (1) that the group alleged to be excluded is a 'distinctive' group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process."); *State v. Patterson*, 324 S.C. 5, 21, 482 S.E.2d 760, 768 (1997) (comparing the 4% difference between the black population of the jury pool and county and the nearly 40% difference for women in *Duren*); *State v. George*, 331 S.C. 342, 349, 503 S.E.2d 168, 172 (1998) ("[T]he selection process needs only be race neutral; there is not a strict legal requirement that every single jury be uniformly representative of the population."); *State v. Rogers*, 263 S.C. 373, 381, 210 S.E.2d 604, 608 (1974) ("The burden is upon [the challenger], as the moving party, to introduce or to offer strong and convincing evidence in support of his motion, and the failure to prove such contentions is fatal.").

---

[1] Blackwell's argument relies on underrepresentation in the venire.  The venire's underrepresentation resulted from individuals being excused or not appearing.  Blackwell did not object to the excusals or present evidence to establish there was an error.

2.  We hold the trial court did not abuse its discretion in refusing to charge the jury on the spoliation of evidence because there are no South Carolina appellate decisions addressing whether such a charge is a correct statement of law in a criminal case.  *See State v. Mattison*, 388 S.C. 469, 479, 697 S.E.2d 578, 584 (2010) ("An appellate court will not reverse the trial [court]'s decision regarding a jury charge absent an abuse of discretion."); *State v. Burkhart*, 350 S.C. 252, 261, 565 S.E.2d 298, 302 (2002) ("In general, the trial [court] is required to charge only the current and correct law of South Carolina."); *State v. Adkins*, 353 S.C. 312, 318, 577 S.E.2d 460, 463 (Ct. App. 2003) ("In reviewing jury charges for error, we must consider the court's jury charge as a whole in light of the evidence and issues presented at trial."); *State v. McBride*, 416 S.C. 379, 389, 786 S.E.2d 435, 440 (Ct. App. 2016) ("Adverse inference charges are rarely permitted in criminal cases."); *State v. Reaves*, 414 S.C. 118, 128 n.5, 777 S.E.2d 213, 218 n.5 (2015) ("[A]n adverse inference charge based on missing evidence, sometimes referred to as a spoliation of evidence charge, has been limited to civil cases in South Carolina."); *State v. Breeze*, 379 S.C. 538, 548, 665 S.E.2d 247, 252 (Ct. App. 2008) ("To warrant reversal, a trial [court's] refusal to give a requested charge must be both erroneous and prejudicial.").

**AFFIRMED.**[2]

**KONDUROS, MCDONALD, and VINSON, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.